IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-00322-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH WAYNE SHADOWENS,

    Defendant.

_____

**SUPPLEMENTAL ORDER REGARDING COMPETENCY TO STAND TRIAL**
_____

    The Court, upon the parties' request at the conference held on this date, May 28, 2013, in this case, finds as follows:

    1.    The Court ordered a psychiatric examination and report pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) [docket no. 9].

    2.    The Court and parties received the Forensic Evaluation of Dr. Jeremiah Dwyer, a forensic psychologist, dated September 26, 2012. In his report, Dr. Dwyer concluded that the Defendant was currently unable to properly assist counsel in his defense.

    3.    The Court held a status conference on October 2, 2012. Prior to the conference, the parties had approximately one week in which to review Dr. Dwyer's report.

    4.    At the October 2, 2012 conference, the government and defense waived a formal competency hearing and agreed that the Defendant should be committed to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d) in order

to determine if the mental competency of the Defendant could be restored. Defense counsel specifically noted that the Defendant agreed with the diagnosis and with the need for treatment.

4.  After consideration of the forensic evaluation, the comments of counsel, and the Court's own perception through several hearings with the Defendant, and the material contained in the Court's file, the Court found and determined by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that the Defendant was then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. I therefore ordered [docket #14] that the Defendant be committed to the custody of the Attorney General, to be hospitalized pursuant to 18 U.S.C. § 4241(d)(1) for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as was necessary to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward. I further ordered that the Attorney General submit a written report to the Court and the parties pursuant to 18 U.S.C. § 4241(d), and in that report express the opinion of the director of the facility in which the Defendant is hospitalized as to whether there is a substantial probability that in the foreseeable future Defendant would attain the capacity to permit the proceedings to go forward.

5.  The Attorney General complied in all material respects to the October 2, 2012 Order. I received a report dated May 2, 2013 which stated, in relevant part, that the

Defendant completed his period of commitment along with a mental health evaluation. The Bureau of Prisons ("BOP") professionals, specifically Christina A. Pietz, Ph.D., ABPP (Psychologist and Board Certified in Forensic Psychology), determined that the Defendant is mentally competent to stand trial, having the mental capacity to understand the legal proceedings against him and to assist his attorney in preparing his defense. The Warden of the United States Medical Center, Springfield, Missouri, has provided a Certificate of Competency under 18 U.S.C. § 4241(e). I provided a copy of all BOP materials last week to counsel of record.

6. The parties have stipulated to the competency of the Defendant and have asked for a relevant finding to be made. The Government has stipulated to the contents of the Forensic Report and the Certificate of Competency, as has the Defendant (with one minor edit that is not material to this Order). I see no utility in any further evidentiary hearing under 18 U.S.C. § 4247(d).

It is therefore ORDERED that the Defendant is mentally competent to stand trial. This matter shall proceed on the normal track for felony cases. Indeed, on this date in open court the Defendant was advised of the charges and potential penalties under the Indictment filed against him, along with his *Miranda* and trial rights, and the case has been set (at the request of the parties) for arraignment, discovery and detention hearing on June 4, 2013.

SO ORDERED.

DATED: May 28, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge